GARY M. RESTAINO
United States Attorney
District of Arizona

BRETT A. DAY
Arizona State Bar No. 027236
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500
Brett.Day@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-22-0503-PHX-DJH |
| Plaintiff, | |
| vs. | **SUPPLEMENTAL RESPONSE TO PSR OBJECTION** |
| Omar Martinez., | |
| Defendant. | |

At the initial sentencing hearing in this matter held on February 27, 2023, the Court requested that the government clarify the facts regarding the 35 additional firearms the government asserts should be included in the calculation for the total number. The government contends that the 35 firearms are properly included in the calculation as relevant conduct under U.S.S.G. § 1B.3(a)(1)(A) and § 1B.3(a)(2).[1]

After this case was indicted on May 17, 2022, Agents learned of an additional 35 firearms defendant purchased during the same time-period of the conduct charged in the indictment. (Bates 285, ROI 22) (See Attach. A). Although these transactions remain uncharged, the additional 35 guns should be included in the total calculation under U.S.S.G. § 1B.3(a)(1)(A) and § 1B.3(a)(2) as detailed below. As such, the total number of

---

[1] In the government's original filing at Docket 48, the government indicated that the total number of firearms is 36 from this series of transactions. The total number should be 35.

firearms should be 57, still providing for a six-level enhancement under U.S.S.G. § 2K2.1(b)(1)(C)

The Court reset the sentencing hearing to allow for more evidence on defendant's correct address. Although the court's focus to this point has been on the defendant's false statement regarding his address in Counts 20 – 36, the government maintains its argument that defendant's false statement that he is the actual purchaser of the firearms in Counts 3 – 19 is equally applicable in the firearms calculation.

On one hand, Defendant argues that he is transient and that he lived at the Harding address, as well as another, despite the fact that he had no personal belongings at the Harding address. Therefore the defendant argues, the firearms included in Counts 20 – 36 should not be part of the calculation because the Harding address is his correct address. On the other hand, Defendant argues that he was purchasing the firearms for himself and had amassed a collection of 57 firearms because he wanted to someday open a gun store. Therefore the defendant argues, the firearms included in Counts 3 – 19 should not be included in the calculation because he was not buying the firearms for another individual. The government contends that both arguments are inconsistent with each other.

## I. FACTS.

Defendant was indicted in this matter on May 17, 2022, for conduct between April 14, 2021, through January 14, 2022. On August 11, 2022, following the indictment, Agents learned that Defendant had purchased an additional 35 firearms between January 14, 2022, and March 22, 2022. (Bates 285, ROI 22) (See Attach. A). Defendant purchased the firearms from Liberty Arms in Tempe, Arizona in nine separate transactions. Thirty-four of the thirty-six firearms were AK-47 style rifles and pistols. In each of the nine transactions, Defendant identified his address as the Harding Ave residence in Coolidge, Arizona, and he provided that he was the actual purchaser or transferee of the firearms in question 21a of the Form 4473.

## II. Analysis.

U.S.S.G. § 2K2.1(b)(1)(C) provides that a six-level enhancement is warranted if the offense involved 25 to 99 firearms that were "unlawfully possessed, including any firearm

that a defendant obtained by making a false statement to a licensed dealer." U.S.S.G. §§ 2K2.1(b)(1)(C), 2K2.1 cmt. n.5. Under the Guidelines, the "offense" means "the offense of conviction and all relevant conduct under § 1B1.3." *Id*. § 1B1.1 cmt. n.1(I). As applicable here, "relevant conduct" includes "all acts and omissions committed ... or willfully caused by the defendant" "that were part of the same course of conduct or common scheme or plan as the offense of conviction." *Id*. § 1B1.3(a)(1), (2).

Offenses are part of a "common scheme or plan" if they are "substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar *modus operandi*." U.S.S.G. § 1B1.3 cmt. n.5(B)(i). Factors that are appropriate to the determination of whether offenses are sufficiently connected or related to each other to be considered as part of the same course of conduct include the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses. *United States v. Parlor*, 2 F.4th 807, 813 (9th Cir. 2021).

Firearm offenses may be grouped under the "relevant conduct" principles in § 1B1.3(a)(2). See U.S.S.G. § 3D1.2(d). Thus, "[w]hen a court determines the number of firearms involved in an offense under U.S.S.G. § 2K2.1(b)(1), it looks to the relevant conduct section of the guidelines (U.S.S.G. § 1B1.3(a)(2)) to determine how many firearms come within the same course of conduct or perhaps a common scheme or plan." *United States v. Santoro*, 159 F.3d 318, 321 (7th Cir. 1998).

As detailed above, after this case was indicted on May 17, 2022, Agents learned of an additional 35 firearms defendant purchased during the same time-period of the conduct charged in the indictment. (Bates 285, ROI 22). In each of the transactions, Defendant falsely identified the Harding Ave address as his residence and stated that he was the actual purchaser of the firearms. As detailed above in the analysis, these 35 firearms should be included in the calculation as relevant conduct under U.S.S.G. § 1B1.3 as they were part of the same course of conduct or scheme as the offense of conviction under U.S.S.G. § 1B1.3(a)(2).

//

3

Respectfully submitted this 12th day of March, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Brett A. Day*
BRETT A. DAY
Assistant U.S. Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants: Ruben Iniguez, *Attorney for Defendant.*

*s/ Brett Day*
Brett A. Day
U.S. Attorney's Office